# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| STEVEN WALKEY and KELLY WALKEY, | § § § |
| Plaintiffs, | § CASE NO. § |
| v. | § § § |
| GURMAN TRUCKING, INC., and OSNY CELINY, | § **JURY TRIAL DEMANDED** § § |
| Defendants. | § |

## COMPLAINT

COMES NOW Steven Walkey and Kelly Walkey (hereinafter "Mr. Walkey" "Mrs. Walkey" or "Plaintiffs"), and files his complaint, and shows unto the Court as follows:

## **PARTIES**

1. Mr. Walkey is a resident and citizen of the State of Georgia and domiciled therein.

2. Mrs. Walkey is a resident and citizen of the State of Georgia and domiciled therein.

3. Defendant, Gurman Trucking, Inc. (hereinafter "Gurman Trucking") is a motor carrier with its principal place of business located at 2020 E Algonquin Road, Suite 308, Schaumburg, Illinois, 60173, and was transacting business in the State of Tennessee on the date at issue.

4. Defendant Gurman Trucking can be served, according to the Federal Motor Carrier Safety Administration, with a copy of the complaint and summons through its BOC-3 agent, Vivan G. Mitchell, 4100 Westgate Drive, Knoxville, Tennessee 37921.

5. Defendant Gurman Trucking is a motor carrier registered with U.S. Department of Transportation under DOT number 1244207 and Motor Carrier number 489245.

6. Upon information and belief, Defendant Osny Celiny is a resident citizen of the State of Florida and can be served with a copy of the complaint and summons at 851 N.E. 142nd Street, Miami, Florida 33161.

## JURISDICTION & VENUE

7. Jurisdiction is proper to this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity amongst the parties and the value in controversy exceeds $75,000, exclusive of interests and costs.

8. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred within the judicial district.

## RELATIONSHIP & DUTIES OF THE PARTIES

9. Plaintiffs are members of the public.

10. Defendant Gurman Trucking is an interstate motor carrier based out of Illinois.

11. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both Defendant Gurman Trucking and Defendant Osny Celiny were subject to and required to obey these regulations at the time of the wreck and at all relevant times prior to the wreck.

12. Defendant Gurman Trucking is the owner of the tractor operated by Defendant Osny Celiny at the time of the wreck.

13. Defendant Gurman Trucking is the owner of the trailer operated by Defendant Osny Celiny at the time of the wreck.

14. The tractor-trailer had a gross vehicle weight rating (GVWR) of 26,001 or more pounds, making it a commercial motor vehicle.

15. At the time of the wreck, Defendant Osny Celiny was an employee and/or agent of Defendant Gurman Trucking.

16. At all times relevant hereto, Defendant Osny Celiny was required to have a commercial driver license "CDL."

17. 15. At all times relevant hereto, Defendant Osny Celiny was acting as a CDL driver for Defendant Gurman Trucking and was acting within the scope and course of the business of Defendant Gurman Trucking.

18. At all times relevant hereto, Defendant Gurman Trucking was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, negligent entrustment, negligent hiring of an independent contractor, or similar theory of law.

19. At all times relevant hereto, Defendants were acting in a joint enterprise.

20. Defendant Gurman Trucking was a for-hire motor carrier transporting property in interstate commerce on the day of the wreck.

21. Defendant Gurman Trucking had a duty to maintain the tractor-trailer to ensure the safety of citizens on the roads, interstates and highways.

22. Defendant Gurman Trucking had a duty to properly hire qualified tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

23. Defendant Gurman Trucking had a duty to properly train its tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

24. Defendant Osny Celiny had a duty to inspect the tractor-trailer before driving it to ensure the safety of citizens on the roads, interstates and highways.

25. Defendant Osny Celiny had a duty to give full attention to the traffic around him to ensure the safety of citizens on the roads, interstates and highways.

26. Defendant Osny Celiny had a duty to operate the tractor-trailer with the same care as other similarly situated tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

## STATEMENT OF FACTS

27. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.

28. On November 10, 2021 at approximately 12:19 p.m., Defendant Osny Celiny was driving a tractor-trailer owned by Defendant Gurman Trucking northbound on Interstate 75 in Hamilton County, Tennessee.

29. Defendant Osny Celiny was transporting property in interstate commerce for Defendant Gurman Trucking.

30. The weather was clear, and the interstate was dry, straight and level.

31. In the area of the wreck, Interstate 75 is a divided public interstate highway with five lanes of travel in the northbound direction before the Interstate 75/24 split.

32. Traffic in lane two, awaiting the Interstate 24 exit, had slowed to nearly a standstill due to a crash ahead.

33. Defendant Gurman Trucking's driver Celiny was driving in lane three of the five lanes of travel as he approached the slowing and stopping traffic ahead of him in lane two.

34. Traffic was proceeding normally in lane three.

35. Defendant Gurman's driver failed to maintain his lane and to slow the Gurman tractor-trailer in response to the slowing and stopping traffic in lane two of the interstate.

4

36. Instead of slowing the Gurman tractor-trailer in response to the traffic conditions, Defendant Celiny maintained his speed and drove his tractor-trailer to the right, from lane three to lane two, without regard for the vehicles already occupying that lane.

37. The Gurman tractor trailer, as it moved right into lane two, smashed into the rear of the tractor-trailer ahead of it and already occupying lane two.

38. Inside the tractor trailer in lane two hit by Defendant Gurman's tractor-trailer was Mr. Walkey.

39. Properly driven tractor trailers don't hit vehicles in front of them.

40. Properly maintained tractor trailers are able to stop prior to hitting vehicles in front of them.

41. Properly trained tractor trailer drivers don't hit vehicles in front of them

42. Properly driven and maintained tractor trailers are capable of staying in their lane of travel.

43. Defendant Gurman's driver failed to give full attention to the roadway, endangering the safety of Mr. Walker and other motorists.

44. Defendant Gurman's driver was driving in a distracted manner, endangering the safety of Mr. Walker and other motorists.

45. Defendant Gurman's driver failed to maintain his lane of travel.

46. Alternatively, Defendant Gurman's driver failed to ensure that he could safely change lanes before attempting to do so.

47. Defendant Gurman's driver failed to maintain a safe distance behind the slowing and stopping traffic ahead of him.

48. Defendant Gurman's driver was following the traffic ahead of him too closely given the traffic conditions then existing.

49. Defendant Gurman's driver failed to exercise the due care a licensed commercial motor vehicle driver would use in the operation of the tractor-trailer.

50. Defendant Gurman's driver operated the Gurman tractor-trailer in a negligent, careless, reckless, and dangerous manner.

51. Defendant Gurman's driver drove the tractor trailer as trained by Defendant Gurman Trucking using the minimal reasonable care it expects from all of its drivers.

52. Alternatively, Defendant Gurman's driver failed to drive the tractor trailer as trained by Defendant Gurman Trucking and did not use the minimum reasonable care it expects from all of its drivers.

53. Alternatively, the Gurman tractor trailer was mechanically unfit, causing the Gurman driver to be unable to stop and/or stay in his lane of travel.

54. As a direct and proximate result of the wreck, Mr. Walkey lost work and has been forced to seek medical care for his injuries.

55. No act of Mr. Walkey was a cause of the wreck.

56. No failure to act by Mr. Walkey was a cause of the wreck.

57. Mr. Walkey bears zero percent (0%) fault for the wreck.

58. Mr. Walkey was economically and non-economically injured as a result of the wreck.

59. Mrs. Walkey was deprived of her husband's services and was temporarily and permanently deprived of the companionship and society of her husband due to the injuries he sustained, for all of which she should be provided restitution.

## COUNT I
## NEGLIGENCE OF GURMAN TRUCKING

6

Case 1:22-cv-00253-CEA-CHS   Document 1   Filed 10/04/22   Page 6 of 17   PageID #: 6

## NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, SUPERVISION, RETENTION, AND MAINTENANCE

60. All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

61. Regardless of the employment relationship, Defendant Gurman Trucking is the registered owner of DOT number 1244207 and MC number 489245, displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that commercial motor vehicle.

62. At all times relevant to this cause of action, Defendants Gurman Trucking and Osny Celiny were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations ("FMCSR") (49 CFR §§ 301-399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.08 and pursuant to T.C.A. §§ 65-15-101, 65-15-102 and 65-15-111.

63. The FMCSR was enacted to prevent crashes involving members of the public, such as Mr. Walkey.

64. The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

   a. Part 383    Commercial Driver's License Standards

   b. Part 390    General

   c. Part 391    Qualifications of Drivers

   d. Part 392    Driving of Commercial Motor Vehicles

   e. Part 393    Parts and Accessories Necessary for Safe Operation

   f. Part 395    Hours of Service

   g. Part 396    Inspections, Repairs, and Maintenance

65. Defendant Gurman Trucking was required to teach and train Defendant Celiny to understand and obey the rules and regulations contained in the FMCSR.

66. Defendant Gurman Trucking was negligent, and grossly negligent, in:

    a. failing to properly maintain the tractor-trailer involved in the wreck;

    b. failing to properly inspect the tractor-trailer involved in the wreck;

    c. hiring and/or contracting with Defendant Celiny to drive the tractor-trailer at issue;

    d. failing to train Defendant Celiny on the provisions of the FMCSR and Commercial Driver's Manual;

    e. failing to train Defendant Celiny to properly drive the tractor-trailer;

    f. failing to train Defendant Celiny to properly inspect the tractor-trailer;

    g. failing to train Defendant Celiny to properly maintain the tractor-trailer;

    h. entrusting Defendant Celiny with the tractor-trailer;

    i. failing to supervise Defendant Celiny while driving the tractor-trailer;

    j. retaining Defendant Celiny to drive the tractor-trailer;

    k. failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Celiny; and

    l. failing to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

67. Defendant Gurman Trucking had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe and negligently failed to do so.

68. According to the Complete Safety Measurement System ("SMS") Profile, maintained by the Federal Motor Carrier Safety Administration, Defendant Gurman Trucking previously violated the federal regulations in the areas of unsafe driving, hours of service (HOS) compliance,

driver fitness, drugs/alcohol, and vehicle maintenance, as shown in the Violation Summary and Inspection History below:[1]

| VIOLATION SUMMARY | | | | | Violations: 344 |
|---|---|---|---|---|---|
| Violations | Description | # Violations | # OOS Violations | Violation Severity Weight | BASIC |
| 392.16 | Failing to use seat belt while operating a CMV | 1 | 0 | 1 | Unsafe Driving |
| ↳ State Citation Result: Conviction of a Different Charge | | | | | |
| 392.16 | Failing to use seat belt while operating a CMV | 1 | 0 | 7 | Unsafe Driving |
| 392.2C | Failure to obey traffic control device | 11 | 0 | 5 | Unsafe Driving |
| 392.2FC | Following too close | 2 | 0 | 5 | Unsafe Driving |
| 392.2-INAT | Inattentive Driving | 3 | 0 | 5 | Unsafe Driving |
| 392.2LC | Improper lane change | 2 | 0 | 5 | Unsafe Driving |
| 392.2LV | Lane Restriction violation | 11 | 0 | 3 | Unsafe Driving |
| 392.2P | Improper passing | 1 | 0 | 5 | Unsafe Driving |
| 392.2PK | Unlawfully parking and/or leaving vehicle in the roadway | 1 | 0 | 1 | Unsafe Driving |
| 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit. | 14 | 0 | 4 | Unsafe Driving |
| 392.2-SLLS3 | State/Local Laws - Speeding 11-14 miles per hour over the speed limit. | 8 | 0 | 7 | Unsafe Driving |
| 392.2-SLLS3 | State/Local Laws - Speeding 11-14 miles per hour over the speed limit. | 1 | 0 | 1 | Unsafe Driving |
| ↳ State Citation Result: Conviction of a Different Charge | | | | | |
| 392.2-SLLS4 | State/Local Laws - Speeding 15 or more miles per hour over the speed limit. | 7 | 0 | 10 | Unsafe Driving |
| 392.2-SLLSWZ | State/Local Laws - Speeding work/construction zone. | 7 | 0 | 10 | Unsafe Driving |
| 395.15I9 | Driver not adequately trained in the operation of the automatic on-board recording device. | 2 | 0 | 1 | HOS Compliance |
| 395.22G | Portable ELD not mounted in a fixed position and visible to driver | 6 | 0 | 1 | HOS Compliance |
| 395.22H2 | Driver failing to maintain ELD instruction sheet | 2 | 0 | 1 | HOS Compliance |
| 395.24C1I | Driver failed to make annotations when applicable | 1 | 0 | 1 | HOS Compliance |
| 395.24C2II | Driver failed to manually add the trailer number | 8 | 0 | 1 | HOS Compliance |
| 395.24C2III | Driver failed to manually add shipping document number | 8 | 0 | 1 | HOS Compliance |
| 395.30B1 | Driver failed to certify the accuracy of the information gathered by the ELD | 1 | 0 | 1 | HOS Compliance |
| 395.34A1 | Failing to note malfunction that requires use of paper log | 1 | 0 | 5 | HOS Compliance |
| 395.3A2-PROP | Driving beyond 14 hour duty period (Property carrying vehicle) | 1 | 0 | 7 | HOS Compliance |
| 395.3A2-PROPN | Driving beyond 14 hour duty period (Property carrying vehicle) - Nominal Violation | 1 | 0 | 1 | HOS Compliance |
| 395.3(a)(3)(ii) | Driving beyond 8 hour driving limit since the end of the last on duty, off duty, or sleeper period of at least 30 minutes | 1 | 0 | 7 | HOS Compliance |
| 395.8(e) | False report of drivers record of duty status | 4 | 2 | 7 | HOS Compliance |
| 395.8F01 | Drivers record of duty status not current | 3 | 0 | 5 | HOS Compliance |
| 395.8(f)(1) | Driver's record of duty status not current | 1 | 0 | 5 | HOS Compliance |
| 383.23(a)(2) | Operating a CMV without a CDL | 1 | 1 | 8 | Driver Fitness |
| 391.45(b) | Expired medical examiner's certificate | 1 | 0 | 1 | Driver Fitness |
| 392.4A-POS | Driver on duty and in possession of a narcotic drug / amphetamine | 2 | 2 | 10 | Drugs/Alcohol |
| 392.2WC | Wheel (Mud) Flaps missing or defective | 4 | 0 | 1 | Vehicle Maint. |
| 392.8 | Failing to inspect/use emergency equipment | 1 | 0 | 2 | Vehicle Maint. |
| 393.11 | No or defective lighting devices or reflective material as required | 1 | 0 | 3 | Vehicle Maint. |
| 393.11N | No retroreflective sheeting or reflex reflective materials as required for vehicles manufactured after December 1993 | 2 | 0 | 3 | Vehicle Maint. |
| 393.11TL | Truck-Tractor lower rear mud flaps retroreflective sheeting / reflex reflective material requirements for vehicles manufactured after July 1997 | 2 | 0 | 3 | Vehicle Maint. |
| 393.11TU | Truck-Tractor upper body corner requirements for retroreflective sheeting or reflex reflective material for vehicles manufactured after July 1997 | 1 | 0 | 3 | Vehicle Maint. |

---

[1] Safety Measurement System – Complete SMS Profile (U.S. DOT # 1244207) downloaded September 28, 2022; https://ai.fmcsa.dot.gov/SMS/Carrier/1244207/CompleteProfile.aspx.

| Code | Violation | | | | Category |
|---|---|---|---|---|---|
| 393.203(c) | Hood not securely fastened | 1 | 0 | 2 | Vehicle Maint. |
| 393.205(a) | Wheel/rim cracked or broken | 2 | 2 | 2 | Vehicle Maint. |
| 393.205(c) | Wheel fasteners loose and/or missing | 2 | 0 | 2 | Vehicle Maint. |
| 393.207(a) | Axle positioning parts defective/missing | 1 | 0 | 7 | Vehicle Maint. |
| 393.207(f) | Air suspension pressure loss | 2 | 1 | 7 | Vehicle Maint. |
| 393.209(d) | Steering system components worn, welded, or missing | 1 | 1 | 6 | Vehicle Maint. |
| 393.45 | Brake tubing and hose adequacy | 6 | 3 | 4 | Vehicle Maint. |
| 393.45(b)(2) | Brake hose or tubing chafing and/or kinking | 4 | 3 | 4 | Vehicle Maint. |
| 393.45B2PC | Brake Hose or Tubing Chafing and/or Kinking - Connection to Power Unit | 2 | 1 | 4 | Vehicle Maint. |
| 393.45(d) | Brake connections with leaks or constrictions | 3 | 1 | 4 | Vehicle Maint. |
| 393.45PC | Brake Tubing and Hose Adequacy - Connections to Power Unit | 1 | 1 | 4 | Vehicle Maint. |
| 393.47(a) | Inadequate brakes for safe stopping - Brake Lining condition | 2 | 1 | 4 | Vehicle Maint. |
| 393.47(d) | All Brakes - Insufficient brake lining thickness | 1 | 1 | 4 | Vehicle Maint. |
| 393.47(e) | Clamp or Roto type brake out-of-adjustment | 16 | 0 | 4 | Vehicle Maint. |
| 393.48(a) | Inoperative/defective brakes | 5 | 2 | 4 | Vehicle Maint. |
| 393.53(b) | CMV manufactured after 10/19/94 has an automatic airbrake adjustment system that fails to compensate for wear | 15 | 0 | 4 | Vehicle Maint. |
| 393.55(e) | No or Defective ABS Malfunction Indicator Lamp for trailer manufactured after 03/01/1998 | 5 | 0 | 4 | Vehicle Maint. |
| 393.60(d) | Glazing permits < 70% of light | 1 | 0 | 1 | Vehicle Maint. |
| 393.60EWS | Windshield - Obstructed | 4 | 0 | 1 | Vehicle Maint. |
| 393.65 | Fuel system requirements | 1 | 0 | 1 | Vehicle Maint. |
| 393.67 | Fuel tank requirement violations | 1 | 0 | 1 | Vehicle Maint. |
| 393.67(c)(7) | Fuel tank fill pipe cap missing | 1 | 0 | 1 | Vehicle Maint. |
| 393.75(a) | Flat tire or fabric exposed | 4 | 4 | 8 | Vehicle Maint. |
| 393.75(a)(1) | Tire-ply or belt material exposed | 2 | 2 | 8 | Vehicle Maint. |
| 393.75(a)(3) | Tire-flat and/or audible air leak | 21 | 20 | 8 | Vehicle Maint. |
| 393.75(a)(4) | Tire-cut exposing ply and/or belt material | 1 | 0 | 8 | Vehicle Maint. |
| 393.75(c) | Tire-other tread depth less than 2/32 of inch measured in a major tread groove | 3 | 0 | 8 | Vehicle Maint. |
| 393.75C-OOS | Tire-other tread depth less than 1/32 of inch measured in 2 adjacent major tread grooves 3 separate locations 8 inches apart | 1 | 1 | 8 | Vehicle Maint. |
| 393.75(h) | Tire underinflated | 1 | 0 | 3 | Vehicle Maint. |
| 393.78 | Windshield wipers inoperative/defective | 3 | 0 | 1 | Vehicle Maint. |
| 393.86(a)(4) | Rear Impact Guard not within 12 in of rear of vehicle at 22 in above the ground | 1 | 0 | 2 | Vehicle Maint. |
| 393.9 | Inoperable Required Lamp | 11 | 2 | 2 | Vehicle Maint. |
| 393.95(a) | No/discharged/unsecured fire extinguisher | 16 | 0 | 2 | Vehicle Maint. |
| 393.95(b) | No spare fuses as required | 3 | 0 | 2 | Vehicle Maint. |
| 393.9(a) | Inoperative Brake Lamps | 8 | 6 | 6 | Vehicle Maint. |
| 393.9H | Inoperable head lamps | 5 | 0 | 6 | Vehicle Maint. |
| 393.9T | Inoperable tail lamp | 1 | 1 | 6 | Vehicle Maint. |
| 393.9TS | Inoperative turn signal | 8 | 3 | 6 | Vehicle Maint. |
| 396.17(c) | Operating a CMV without proof of a periodic inspection | 2 | 0 | 4 | Vehicle Maint. |
| 396.3(a)(1) | Inspection, repair and maintenance of parts and accessories | 11 | 2 | 2 | Vehicle Maint. |
| 396.3A1B | Brakes (general) Explain: | 5 | 1 | 4 | Vehicle Maint. |
| 396.3A1BL | Brake system pressure loss | 12 | 1 | 4 | Vehicle Maint. |
| 396.3(a)1BOS | BRAKES OUT OF SERVICE: The number of defective brakes is equal to or greater than 20 percent of the service brakes on the vehicle or combination | 9 | 9 | 0 | Vehicle Maint. |
| 396.3(a)(1) | Hubs - Hub cap missing or broken | 1 | 1 | 2 | Vehicle Maint. |
| 396.3(a)(1) | Brake - Leak from air chamber | 2 | 0 | 4 | Vehicle Maint. |
| 396.3(a)(1) | Sliding subframe rail defective | 1 | 0 | 6 | Vehicle Maint. |
| 396.5(b) | Oil and/or grease leak | 1 | 0 | 3 | Vehicle Maint. |
| 396.5B-HLOW | Hubs - oil and/or Grease Leaking from hub - outer wheel | 2 | 2 | 2 | Vehicle Maint. |
| 396.5B-HWSLIW | Hubs - Wheel seal leaking - inner wheel | 7 | 3 | 2 | Vehicle Maint. |

69. Defendant Gurman Trucking, through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this

10

Complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

   a. the risks associated with failing to properly maintain its tractor-trailer;

   b. the risk associated with failing to properly inspect its tractor-trailer;

   c. the risks associated with failing to properly repair its tractor-trailer;

   d. the risks associated with unsafe and unqualified drivers;

   e. the risks associated with failing to train drivers to obey the FMCSR;

   f. the risks associated with failing to train drivers to follow minimum driving standards for commercial drivers;

   g. the risks associated with failing to train drivers to follow minimum inspection standards for commercial drivers;

   h. the risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers;

   i. failing to ensure its routes could be driven within hours-of-service;

   j. requiring drivers to meet unrealistic driving goals which Defendant Gurman Trucking knew, had reason to know, or should have known would cause its drivers to violate the hours-of-service regulations;

   k. failing to have policies and procedures in place to identify undertrained and unqualified drivers;

   l. failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Osny Celiny once he was hired; and

   m. failing to use the composite knowledge reasonably available to Defendant Gurman Trucking to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

70. The negligence of Gurman Trucking was a proximate cause of the injuries sustained by Plaintiffs.

71. As a result of Defendant Gurman Trucking's actions and inactions, the Plaintiffs suffered injuries affecting his activities of normal daily living.

72. The negligence, and gross negligence, of Defendant Gurman Trucking individually, or combined and concurring with the negligence of its driver Defendant Osny Celiny, was a legal and proximate cause of the damages to the Plaintiffs, for which he is entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

73. The injuries suffered by the Plaintiffs are the type that are foreseeable consequences of a negligent act.

## COUNT II
## NEGLIGENCE OF OSNY CELINY

74. All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth herein.

75. At the time of the wreck, Defendant Osny Celiny failed to exercise due care by failing to drive the tractor-trailer at a safe speed, failing to maintain a safe lookout, failing to keep the tractor-trailer under proper control, failing to devote full time and attention to operating the tractor-trailer, and operating the tractor-trailer in such a manner that resulted in a crash with Mr. Walkey.

76. The tractor-trailer driven by Defendant Osny Celiny was driven with the permission, and at the direction of, Defendant Gurman Trucking.

77. Upon information and belief, the tractor-trailer driven by Defendant Osny Celiny was driven in the course and scope of his employment with the business of Defendant Gurman Trucking.

78. At the time and place of this wreck, Defendant Celiny was generally negligent under the circumstances then and there existing in that he:

    a. failed to keep a proper lookout;

    b. failed to keep his vehicle under control;

    c. failed to maintain a safe distance around his vehicle;

    d. failed to slow his vehicle;

12

Case 1:22-cv-00253-CEA-CHS   Document 1   Filed 10/04/22   Page 12 of 17   PageID #: 12

e. failed to overtake another vehicle to the left at a safe distance;

f. failed to maintain his lane of travel;

g. failed to ensure that he could safely change lanes;

h. failed to alter his direction of travel, or take any other appropriate action when he, by the exercise of due and reasonable care, should have observed the slowing tractor-trailer operated by Mr. Walkey in his lane of travel;

i. failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the wreck;

j. drove in a careless manner;

k. drove in a reckless manner;

l. failed to operate his vehicle in a manner considerate of the safety and lives of other persons lawfully on the roadway;

m. failed to inspect his vehicle in a manner considerate of the safety and lives of the others persons lawfully on the road; and

n. such other actions or inactions that may be shown at a hearing of this cause.

79. Defendant Celiny's negligence was a direct and proximate cause of the wreck with Mr. Walkey.

80. Defendant Celiny's negligence was a direct and proximate cause of the injuries suffered by the Plaintiffs.

81. As a result of Defendant Celiny's actions and inactions, Mr. Walkey suffered injuries affecting his activities of normal daily living.

82. The negligence, and gross negligence, of Defendant Celiny individually, or combined and concurring with the negligence of Defendant Gurman Trucking, was a legal and proximate cause of the damages to the Plaintiffs, for which they are entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

83. The injuries suffered by the Plaintiffs are the type that are foreseeable consequences of a negligent act.

## COUNT III
## NEGLIGENCE *PER SE*

84. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.

85. At the time and place of this wreck, Defendant Osny Celiny was negligent *per se* in that he violated one or more of the statutes of the State of Tennessee to include, but not be limited to:

　　a.　T.C.A. § 55-8-103　　　Required Obedience to Traffic Laws;

　　b.　T.C.A. § 55-8-117　　　Overtaking and Passing of Vehicles

　　c.　T.C.A. § 55-8-123　　　Driving on Roadways Laned for Traffic;

　　d.　T.C.A. § 55-8-124　　　Following Too Closely;

　　e.　T.C.A. § 55-8-136(b)　　Failure to Exercise Due Care;

　　f.　T.C.A. § 55-8-142　　　Turning Movements;

　　g.　T.C.A. § 55-8-199　　　Prohibited Uses of Wireless Telecommunications Devices or Stand-Alone Electronic Devices; and

　　h.　T.C.A. § 55-10-205　　Reckless Driving.

86. Defendant Celiny was subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.08 and pursuant to T.C.A. §§ 65-15-101, 65-15-102 and 65-15-111, at the time and date of the wreck.

87. Defendant Celiny will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

　　a.　Part 383　　Commercial Driver's License Standards

14

Case 1:22-cv-00253-CEA-CHS   Document 1   Filed 10/04/22   Page 14 of 17   PageID #: 14

b. Part 390    General

   c. Part 391    Qualifications of Drivers

   d. Part 392    Driving of Commercial Motor Vehicles

   e. Part 393    Parts and Accessories Necessary for Safe Operation

   f. Part 395    Hours of Service

   g. Part 396    Inspections, Repairs, and Maintenance

88. The negligence, and gross negligence, of Defendant Celiny individually, or combined and concurring with the negligence of Defendant Gurman Trucking, was a legal and proximate cause of the damages to the Plaintiffs, for which he is entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

89. The injuries suffered by the Plaintiffs are the type that are foreseeable consequences of a negligent act.

## COUNT IV
### *RESPONDEAT SUPERIOR*

90. All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth herein.

91. At all times relevant hereto, Defendant Gurman Trucking was acting by and through its employees/agents, among them Defendant Osny Celiny, and is responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, or similar theory of law.

## COUNT V
## DAMAGES

92. All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth herein.

93. As a direct and proximate result of the Defendants' negligence, the Plaintiffs was made to suffer economic and non-economic damages of a type for which the law allows them to seek restitution from Defendants.

94. The damages suffered by the Plaintiffs fall within the foreseeable range of harms that result from Defendants' negligence.

95. As set forth more fully in the facts hereinabove, each of the Defendants acted in a willful, wanton and reckless manner which either alone, or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the wreck and the Plaintiffs' injuries.

96. Defendants knowingly, intentionally, recklessly, and/or willfully disregarded the Federal Motor Carrier Safety Regulations.

97. Defendants' conduct constituted a conscious disregard for the life and safety of the Mr. Walkey, and for the lives and safety of the motoring public generally, and these Defendants are therefore liable for exemplary or punitive damages.

**WHEREFORE,** Plaintiffs pray that the following relief be granted:

a. A trial by jury;

b. For Summons and Complaint to issue against Defendants;

c. For judgment against the Defendants in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, as restitution for Plaintiffs' past, present, and future economic and non-economic damages;

d. For an award of punitive damages against the Defendants in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case;

e. For Court costs and discretionary costs; and

f.  For all such further and general relief which this Court deems just and proper.

>Respectfully submitted,
>
>**TRUCK WRECK JUSTICE, PLLC**
>
>
>BY: _/s/ Morgan G. Adams_
>　　　**MORGAN G. ADAMS,** BPR # 013693
>　　　**DANNY R. ELLIS,** BPR #020747
>　　　TRUCK WRECK JUSTICE, PLLC
>　　　1419 Market Street
>　　　Chattanooga, Tennessee　37402
>　　　Telephone:　(423) 265-2020
>　　　Facsimile:　(423) 265-2025
>
>
>*Attorneys for Plaintiffs*